```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
STEFAN CURRY BECKETT,              :
                                   :
         Petitioner,               :    Civ. No. 19-14559 (NLH)
                                   :
    v.                             :    OPINION
                                   :
JOHN POWELL, et al.,               :
                                   :
         Respondents.              :
_____:
```

APPEARANCE:
Stefan Curry Beckett, No. 526119D/1095118
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Stefan Curry Beckett seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prepayment of fees or security and seeks to proceed in forma pauperis.  See ECF No. 1 (petition), 1-1 (IFP application).

Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner's application and certification demonstrate that although the balance on his prison account is presently $74.92, his balance is sometimes as high as $345.92. In addition, he lists as additional assets a checking account with a balance of $150.00 and stocks, a mutual fund, an extended trading fund, and an IRA.  Although Petitioner does not list the values of his investments, it appears that the cash available to Petition in his prison and checking accounts exceeds the Court's $200 threshold for proceeding in forma pauperis in a habeas matter.  As such, leave to proceed in forma pauperis at this time is inappropriate and will be denied.

Conclusion

For the reason set forth above, the application to proceed in forma pauperis will be denied and the Clerk of Court will be ordered to administratively terminate this action without

2

prejudice.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00.  An appropriate Order will be entered.

Dated: July 23, 2019                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).