UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEFAN CURRY BECKETT, | Civil Action No. 19-14559 (KMW) |
| Petitioner, | |
| v. | OPINION |
| JOHN POWELL, et al., | |
| Respondents. | |

WILLIAMS, DISTRICT JUDGE

Petitioner Stefan Curry Beckett ("Petitioner") is a state prisoner confined at South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition). For the reasons expressed below, the Court denies the Petition and also denies a certificate of appealability.

I. BACKGROUND[1]

On January 10, 2017, Petitioner entered a guilty plea to first degree aggravated manslaughter pursuant to a negotiated plea agreement. Specifically, Petitioner pled guilty to the stabbing death of the victim. Petitioner was estranged from his wife, when she began dating the victim, whom she had also dated previously. (ECF No. 7-14, Sentencing Transcript, at 43:7-13.) Plaintiff's estranged wife was in bed with the victim at the victim's home, when Petitioner "snuck in in the middle of the night through a back sliding glass door and stabbed the victim while he was asleep." (*Id.*, at 39:19-22.) The victim "woke up and tried to run out of the house and [Petitioner] continued to pursue him and [continued to stab] him," causing his death. (*Id.*, at 40:14-16.)

---

[1] The factual background is taken from the record submitted by the parties; the facts relevant to the individual claims for relief are discussed in the analysis section of the Opinion.

Petitioner was indicted and charged with first degree murder, N.J.S.A. § 2C:11-3(a)(1)(2) (count one); first degree felony murder, N.J.S.A. § 2C:11-3(a)(3) (count two); second degree burglary, N.J.S.A. § 2C:18-2(a)(1) (count three); third degree possession of a weapon for an unlawful purpose, N.J.S.A. § 2C:39-4(d) (count four); and fourth degree unlawful possession of a weapon, N.J.S.A. § 2C:39-5(d) (count five). (ECF No. 7-4.) Pursuant to the negotiated plea agreement, the indictment was amended as to count one from first degree murder to first degree aggravated assault, N.J.SA. § 2C:11-4(a)(1), which Petitioner pled guilty to, and the remaining charges were dismissed. (ECF No. 7-13, Guilty Plea Transcript, at 4:5 to 5:18.) The Court sentenced Petitioner to a term of twenty years imprisonment, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J.S.A. § 2C:43-7.2, and three years of parole supervision. (*See* ECF No. 7-5.)

Petitioner filed a counseled Notice of Appeal with the Appellate Division. (*See* ECF Nos. 7-6, 7-7, and 7-8.) On appeal Petitioner only raised claims challenging his sentence; therefore, the Appellate Division heard Petitioner's appeal on the Sentencing Oral Argument Calendar ("SOA") and no briefs were filed by the parties because Petitioner was only challenging his sentence. (*See* ECF No. 7-8.) However, Petitioner's counsel filed a letter with the Appellate Division noting Petitioner would be arguing for remand because "the sentencing court: (1) improperly applied mitigating factor two and accounted twice for the fact that the victim was stabbed; and (2) failed to give reasons on the record for why it found the presence of aggravating factor three." (ECF No. 7-7, at 1.)

On October 24, 2018, the Appellate Division heard argument on Petitioner's appeal. (*See* ECF No. 7-15.) Petitioner argued the sentencing court improperly considered the sentencing factors in New Jersey Statute Annotated § 2C:44-1. (*See id.*) On October 29, 2018, the Appellate

Division entered an order affirming Petitioner's sentence. (ECF No. 7-8.) The New Jersey Supreme Court subsequently denied Petitioner's petition for certification, which raised the same issues that were before the Appellate Division. (ECF Nos. 7-10 and 7-12.) Petitioner did not file a post-conviction relief ("PCR") petition.

Petitioner filed his instant habeas petition on June 24, 2019. (ECF No. 1.) Petitioner asserts the following four grounds for relief:

> (1) [The sentencing court violated] *Blakely v. Wash[ington]*, 542 U.S. 296 (2004). The judge double counted factor two stating the stabbing rendered the victim unable to defend himself and claimed he was "sleeping" which also rendered him unable to defend himself. There was no proof offered by the state that the victim was sleeping, therefore, that statement was both biased and unwarranted.
>
> (2) Judge failed to give reasons on [the] record for aggravating factor three. The judge must give reasons on [the] record. At sentencing the judge states: I find number three: the risk for defendant will commit another crime is certainly here. Then jumps to factors four and five without giving any reasons. She is required by law to explain her reasons for the aggravating factors she used and evidence must be found on the record.
>
> (3) Judicial bias. The judge allowed "misrepresented facts" at sentencing, along with the suffering of parties other than the victim to persuade the 20 year sentence. This can be shown by the comments, "So I don't under weigh when you all stand in front of the court and say how you feel." More examples are throughout sentencing transcripts.
>
> (4) Lack of proper usage of mitigating factors to lower the sentence. The judge did not allow the consideration for several mitigating factor that would have resulted in the desired range of 10 to 15 years, 85% NERA instead of the 20 years with 85% NERA.

(*See* ECF No. 1, at 6-11.) Respondents filed an answer. (ECF No. 7.) Petitioner did not file a reply.

## II. STANDARDS OF REVIEW

### A. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, the district court "shall entertain an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Habeas petitioners bear the burden of establishing their entitlement to relief for each claim presented in a petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). District courts are required to give great deference to the determinations of the state trial and appellate courts. *Renico v. Lett*, 559 U.S. 766, 772–73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States: or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Contrary to clearly established Federal law" means the state court applied a rule that contradicted the governing law set forth in U.S. Supreme Court precedent or that the state court confronted a set of facts that were materially indistinguishable from U.S. Supreme Court precedent and arrived at a different result than the Supreme Court. *Eley*, 712 F.3d at 846 (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United

4

States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). An "unreasonable application" of clearly established federal law is an "objectively unreasonable" application of law, not merely an erroneous application. *Eley*, 712 F.3d at 846 (*quoting Renico*, 559 U.S. at 773). As to 28 U.S.C. § 2254(d)(1), a federal court must confine its examination to evidence in the record. *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011).

"When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods*, 574 U.S. at 316. Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Furthermore, "[w]hen a state court arrives at a factual finding based on credibility determinations, the habeas court must determine whether that credibility determination was unreasonable." *See Keith v. Pennsylvania*, 484 F. App'x 694, 697 (3d Cir. 2012) (citing *Rice v. Collins*, 546 U.S. 333, 339 (2006)).

Finally, to the extent that a petitioner's constitutional claims are unexhausted and/or procedurally defaulted, a court can nevertheless deny them on the merits under 28 U.S.C. § 2254(b)(2). *See Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion"); *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005) (considering procedurally defaulted claim, and stating that "[u]nder 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

5

## III. ANALYSIS

Petitioner's four grounds for relief all raise claims challenging his sentence. (ECF No. 1, at 6-11.)

### A. Ground One: Sentencing Judge Double Counted Aggravating Factor Two

In his first ground for relief Petitioner appears to claim that the sentencing court violated *Blakely v. Washington*. (ECF No. 1, at 6.) Petitioner alleges that the sentencing judge double counted aggravating factor two, finding the victim was unable to defend himself because he was sleeping and the stabbing "rendered the victim unable to defend himself." (*Id.*)

As explained above, Petitioner challenged his sentence on direct appeal. However, Petitioner did not raise the instant ground one in these specific terms; rather, he only asserted a state law claim that the sentencing court inappropriately applied aggravating factor two. (*See* ECF Nos. 7-6, 7-7, & 7-8.) Petitioner did not raise a constitutional claim regarding *Blakely* on appeal before the state court. As such, it appears Petitioner's first ground for relief is not properly exhausted.

However, the Court need not determine if the claim is properly exhausted because a habeas court can, if appropriate, deny a petitioner's unexhausted claims on the merits pursuant to 28 U.S.C. § 2254(b)(2). *See* § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Mahoney v. Bostel*, 366 F. App'x 368, 371 (3d Cir. 2010). The Court's *de novo* review applies a more liberal standard in favor of Petitioner than AEDPA deference. *See Harrington v. Richter*, 562 U.S. 86, 101-102 (2011). Applying this more generous standard of review though, Petitioner is still not entitled to habeas relief on his claim that the sentencing court violated *Blakely v. Washington*.

6

Petitioner argues that the sentencing court incorrectly double counted aggravating factor two when it found the victim was unable to defend himself because he was sleeping and because he was stabbed. It appears to the Court that Petitioner is attempting to argue that this violated *Blakely v. Washington*.

The United States Supreme Court found that a defendant's constitutional rights are violated where a judge imposes a sentence greater than the statutory maximum based upon additional findings of fact that were not so found by the jury or admitted by the defendant. *Blakely v. Washington*, 542 U.S. at 304 ("When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment . . . and the judge exceeds his proper authority") (citation omitted); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Petitioner's claim fails because *Blakely* does not apply here. The sentencing court's sentence did not exceed the statutory maximum for the offense of first-degree aggravated manslaughter. *See* N.J.S.A. § 2C:11-4 (c) (stating a person convicted of first-degree aggravated manslaughter may "be sentenced to an ordinary term of imprisonment between 10 to 30 years.") Petitioner was sentenced to twenty years imprisonment, right in the middle of the sentence proscribed under N.J.S.A. § 2C:11-4(c). Petitioner is therefore not entitled to habeas relief on this claim. Accordingly, Petitioner's first ground for federal habeas relief is denied.

**B. Grounds One, Two, Three, and Four: Petitioner's Sentencing Claims**

Petitioner's grounds for relief all raise sentencing arguments. The Court also considers Petitioner's ground one argument, that the sentencing court inappropriately considered sentencing factor two, as raising another sentencing claim separate from his *Blakely v. Washington* argument. (ECF No. 1, at 6.) In ground two Petitioner submits the sentencing court incorrectly found aggravating factor three applied without explaining the court's reasoning. (*Id.*, at 8.) Further, in

7

ground three Petitioner alleges the sentencing court considered "misrepresented facts" and inappropriately considered statements from supporters of the victim. (*Id.*, at 9.) Finally, in ground four Petitioner alleges the sentencing court failed to consider "several mitigating factors" that would have allowed for a lower sentence. (*Id.*, at 11.)

On direct appeal Petitioner raised grounds one and two to the Appellate Division.[2] The Appellate Division heard argument and found:

> Having considered the record and argument of counsel, and it appearing that the issues on appeal relate solely to the sentence imposed, we are satisfied that the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion. *State v. Cassady*, 198 N.J. 165 (2009); *State v. Roth*, 95 N.J. 334 (1984).
>
> We are further satisfied that in applying the sentencing guidelines, the judge gave detailed reasons to support the sentence in accordance with the plea agreement. *State v. Fuentes*, 217 N.J. 57 (2014); *State v. Hess*, 207 N.J. 123 (2011).

(ECF No. 7-8.)

Petitioner's sentencing claims all present questions of state law over which this Court has no jurisdiction under § 2254. Specifically, "[A] federal court's ability to review state sentences is limited to challenges based upon proscribed federal grounds such as being cruel and unusual,

---

[2] A review of the record shows Petitioner failed to raise grounds three and four on direct appeal. Petitioner admits these claims are unexhausted. (See ECF No. 1, at 10-11.) Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts: the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982). Therefore, Petitioner's third and fourth grounds for relief are unexhausted. The Petition is therefore mixed (i.e., it contains both exhausted and unexhausted claims), and federal district courts may not adjudicate mixed petitions. *See Rhines*, 544 U.S. at 273. However, the claims also fail to raise a federal constitutional claim and the Court will dismiss them for that reason.

racially or ethnically motivated, or enhanced by indigencies.'" *Merritt v. Bartkowski*, No. 11–3756, 2013 WL 4588722, at *15 (D.N.J. Aug. 28, 2013) (quoting *Grecco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987) (citation omitted)). Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. *See Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir.1984); *see also* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). A such, Petitioner's challenges to his sentencing "for failure to properly weigh the aggravating and mitigating factors [are] not reviewable here." *See Jenkins v. Bartkowski*, No. 10-4972, 2014 WL 2602177, at *21 (D.N.J. June 11, 2014). Petitioner cites to no constitutional provision or federal law to support his excessive sentence claims. For this reason, the Court denies Petitioner's claims.

Petitioner fails to allege an Eighth Amendment constitutional claim, as he only argues that the sentencing court improperly weighed the aggravating and mitigating factors. However, even if this Court were to construe Plaintiff's claims as containing a constitutional dimension, Petitioner is still not entitled to federal habeas relief. With respect to showing that a sentence is cruel and unusual,

> [t]he Supreme Court has explained that the "Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to non-capital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (citations omitted). A court must consider three proportionality factors when evaluating Eighth Amendment challenges: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 290–92 (1983). In conducting this analysis, a court grants substantial deference to legislative decisions regarding punishments for crimes. *United States v. Rosenberg*, 806 F.2d 1169, 1175 (3d Cir.1986); *United States v. Miknevich*, 638 F.3d 178, 186 (3d Cir. 2011) ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment . . . because we accord substantial deference to

9

> Congress, as it possesses broad authority to determine the types and limits of punishments for crimes.").
>
> The first factor acts as a gateway prong to the proportionality inquiry. The Eighth Amendment, after all, only forbids sentences that are "grossly disproportionate" for a conviction for the crime involved. If the defendant fails to demonstrate a gross imbalance between the crime and the sentence, a court's analysis of an Eighth Amendment challenge is at an end. Successful proportionality challenges in non-capital cases are "exceedingly rare." *Ewing*, 538 U.S. at 21 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

*United States v. Burnett*, 773 F.3d 122, 136–37 (3d Cir. 2014).

Here, Petitioner pled guilty to one count of first-degree aggravated assault. *See* N.J.SA. § 2C:11-4(a)(1). In New Jersey, first-degree aggravated assault calls for a sentence range of ten to thirty years. *See* N.J.SA. § 2C:11-4(c). Petitioner was sentenced to twenty years imprisonment, which is in the middle of the statutory range proscribed under New Jersey statutory law. Accordingly, he fails to prove that his sentence violates the Eighth Amendment. *See, e.g., Burtrim v. D'Ilio*, No. 14-4628, 2018 WL 1522706, at *17 (D.N.J. Mar. 28, 2018) (denying federal habeas relief on excessive sentence claim noting petitioner's sentence fell within statutory limits); *see also Miknevich*, 638 F.3d at 186 ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.") Therefore, any potential Eighth Amendment constitutional claim is also denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

## IV. CONCLUSION

For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue. An appropriate Order follows.

Dated:

Hon. Karen M. Williams,
United States District Judge